UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEYWANIE S. BRIDGEWATER,<br><br>      Plaintiff,<br><br>  v.<br><br>JANIO A. MOLLE et al.,<br><br>      Defendants. | CASE NO. 2:23-cv-01578-LK<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

  This matter comes before the Court sua sponte. On October 30, 2023, United States Magistrate Judge Brian A. Tsuchida granted pro se Plaintiff Keywanie S. Bridgewater's application to proceed *in forma pauperis* ("IFP") and recommended that the Court screen the complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt No. 8. Summons have not yet been issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to issue summons and, for the reasons set forth below, dismisses Bridgewater's complaint without prejudice.

**I. BACKGROUND**

  Bridgewater's handwritten complaint is both difficult to read and to understand. From what the Court can gather, Bridgewater is suing individuals and/or entities involved with providing

governmental assistance and food benefits in particular. Dkt. No. 9 at 2–6. Bridgewater attached a "Prehearing Conference Order" issued by the Washington State Office of Administrative Hearings that appears related to an appeal before that agency, *id.* at 7–13, as well as a scan of pamphlet issued by organizational Defendant Sound Generations, *id.* at 14–15.[1]

## II. DISCUSSION

The Court must dismiss a case where the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Section 1915(a) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). And the standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Id.* Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Even construed liberally, Bridgewater's complaint in this case is devoid of the factual enhancement necessary to state a claim. Bridgewater fails to provide a coherent, non-conclusory factual background, to develop any claims beyond bare assertions, or to match any potential claims to any specific Defendant. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Bell Atl. Corp. v. Twombly*, 550

---

[1] The Court notes that Bridgewater filed five other actions in this District on the same day as the instant action. *See* Case Numbers 2:23-cv-01594-TL, 2:23-cv-01596-RSM, 2:23-cv-01597-JNW, 2:23-cv-01599-JLR, 2:23-cv-01627-DWC.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE - 2

1  U.S. 544, 555 (2007) (a complaint must give the defendant fair notice of the claim and the facts

2  on which it rests).[2]

3        Accordingly, the Court dismisses this complaint without prejudice and will permit

4  Bridgewater an opportunity to cure the deficiencies identified herein. *See Akhtar v. Mesa*, 698 F.3d

5  1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave

6  to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by

7  amendment." (cleaned up)); *Yuzhou Peng v. Microsoft Corp.*, No. 2:19-CV-639-RAJ, 2019 WL

8  6310558, at *2 (W.D. Wash. Nov. 25, 2019) (leave to amend "must be granted with extreme

9  liberality"). Bridgewater must file an amended complaint by November 27, 2023. Failure to timely

10 file an amended complaint correcting the identified deficiencies will result in the Court dismissing

11 this action with prejudice.

12       **III.  CONCLUSION**

13       For the reasons contained herein, the Court DISMISSES Bridgewater's complaint without

14 prejudice and with leave to amend by November 27, 2023. Bridgewater's amended complaint must

15 provide a short and plain statement of the factual basis for each of the claims as required by Federal

16 Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for

17 an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason,

18 any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific

19 facts that Bridgewater believes support each claim, and the specific relief requested. If Bridgewater

---

[2] Bridgewater's complaint also asserts federal question and diversity subject matter jurisdiction, Dkt. No. 9 at 3, but there does not appear to be complete diversity among the parties because both Bridgewater and Defendants are purportedly citizens of Washington, and Bridgewater's allegations regarding state food assistance do not necessarily give rise to a federal question. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction, and "possess only that power authorized by Constitution and statute"); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (federal courts can only hear certain types of cases).

does not file a proper amended complaint by November 27, 2023, this action will be dismissed with prejudice.

Dated this 2nd day of November, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE - 4